# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JERRY W. MAMMARELLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-2023-M |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on December 4, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On July 18, 2005, plaintiff Jerry W. Mammarelli ("Plaintiff" or "Mammarelli") filed an application for disability insurance benefits claiming disability due to cervical myelopathy. (Administrative Record (hereinafter "Tr.") at 26-27, 52). He alleged a disability onset date of May 27, 2005. (Tr. at 52).

The Administrative Law Judge ("ALJ") conducted a hearing on February 16, 2006 at which Mammarelli appeared with counsel. (Tr. at 475-512). He testified on his own behalf and the ALJ heard testimony from a medical expert, Dr. Woodrow W. Janese, and a vocational expert, Tammie Donaldson. On May 25, 2007, the ALJ denied Plaintiff's request for benefits, finding that he was not disabled because he retained the residual functional capacity to adjust to

other work that exists in significant numbers in the national economy. (Tr. at 24).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on October 24, 2007, the Appeals Council denied his request. (Tr. at 5). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on December 4, 2007. Defendant filed an answer on February 6, 2008. On April 4, 2008, Plaintiff filed his brief, followed by Defendant's brief on July 2, 2008. Plaintiff filed his reply brief on July 16, 2008.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion: To prevail on a claim for disability insurance, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful

2

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step five, finding that Plaintiff's cervical spine disorder is a severe impairment but that Plaintiff retains the residual functional capacity to perform jobs that exist in significant numbers in the national economy. (Tr. at 24). She therefore denied Plaintiff's request for benefits. (Tr. at 24-25).

Plaintiff claims that the ALJ's residual functional capacity determination is not supported by substantial evidence. The Social Security regulations define residual functional capacity as the most an individual can still do despite any physical and mental limitations that affect what he can do in a work setting. *See* 20 C.F.R. § 404.1545. It is the ALJ's responsibility alone to determine the residual functional capacity based on "all the relevant medical and other evidence."

20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

After considering the relevant medical evidence, Plaintiff's own testimony at the hearing, and the testimony of the medical expert, Dr. Woodrow Janese, the ALJ concluded that Plaintiff retains the residual functional capacity for a reduced range of light work – that he can lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 of 8 hours; and stand/walk 6 of 8 hours. (Tr. at 21). The ALJ further found that Plaintiff should never climb ladders or ropes, could occasionally use ramps/stairs, balance, stoop, kneel, crouch and crawl and could frequently handle, finger, feel and reach. *Id*. In addition, he found that Plaintiff is moderately restricted from being in and around extreme cold, extreme hot, wetness, humidity and noise and should avoid vibration. *Id*. The ALJ also found that Mammarelli could perform jobs which existed in the Texas and national economies. (Tr. at 24).

Plaintiff urges that the ALJ should have found that Plaintiff is limited to sedentary work. Plaintiff's Brief at p. 5. Specifically, Plaintiff claims that the ALJ's lifting restriction is not supported by substantial evidence and that the ALJ improperly rejected the opinion of Dr. Ingrid Zasterova, a consultative medical examiner. Dr. Zasterova, a physician with North Texas Independent Medical Examiners, performed a one-time consultative examination of Plaintiff on October 5, 2005 (Tr. at 381-383). In her report, Dr. Zasterova opined that Plaintiff could lift only 1 to 10 pounds, but not repetitively. (Tr. at 383). Plaintiff argues that the ALJ improperly rejected Dr. Zasterova's lifting restriction in concluding that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also Greenspan v.*

*Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Further, as a consultative examiner as opposed to a treating physician, Dr. Zasterova's opinion is not accorded the controlling weight given to that of a treating physician. 20 C.F.R. § 404.1527(d)(2)-(3). Therefore, the ALJ could properly discount her testimony based on her lack of treatment relationship with Plaintiff and after reviewing the entirety of the medical evidence and the hearing testimony of Plaintiff and the medical expert.

The ALJ specifically stated that she rejected Dr. Zasterova's conclusion that the claimant could lift only 10 pounds and stand 1 to 2 hours. (Tr. at 23). She noted that her examination showed Plaintiff could "walk on toes, heels, and tandem" and had negative straight leg raising and muscle strength in his extremities rated at "5/5 everywhere." *Id*. Dr. Zasterova's findings do not support her functional assessment and, therefore, it was well within the prerogative of the ALJ to give her opinion less weight in her residual functional capacity analysis. *See* 20 C.F.R. § 404.1527(d)(3) ("[t]he more a medical source presents relevant evidence to support an opinion particularly medical signs and laboratory findings, the more weight we will give that opinion."). In addition, the testimony by the medical expert, Dr. Janese, does not support the lifting limitations urged by Plaintiff. (Tr. at 485-489). In fact, he opined that the medical evidence does not support a diagnosis of myelopathy (Tr. at 486), that there is no evidence of multiple sclerosis (Tr. at 488-489) and that Plaintiff is capable of a medium range of work (Tr. at 489). Plaintiff has not directed the court to any objective medical evidence supporting the lifting limitation he proposes.

Plaintiff argues that his own testimony and statements in his disability application support a more limited lifting restriction than that adopted by the ALJ. (Tr. at 56, 81, 480). However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting

5

effects of [his] symptoms are not entirely credible." (Tr. at 22). The ALJ evaluated Plaintiff's testimony and statements in light of all the objective medical evidence, including the testimony of the medical expert, and concluded that the evidence did not support his alleged work limitations. Such credibility assessments are entirely within the province of the ALJ. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make.").

Finally, Plaintiff submitted to the Appeals Council a form completed by his treating physician, Dr. M. Shashi Rao, in which Dr. Rao states that Plaintiff is unable to carry more than 5 pounds. (Tr. at 473). The checklist form, dated July 17, 2007 – more than 7 weeks after the ALJ issued her decision and after Plaintiff requested review by the Appeals Council (Tr. at 469) – contains no findings or objective medical evidence in support of Dr. Rao's opinion. This isolated statement by Dr. Rao, unsupported by medical evidence, would not change the ALJ's decision and, therefore, does not justify a remand of Plaintiff's case. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (rejecting an "isolated, conclusory statement" of a treating physician when considered in conjunction with other opinions, objective medical evidence and claimant's own testimony); *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003) ("New evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied, and whether there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision.")

In conclusion, the ALJ properly considered Dr. Zasterova's opinion, as well as Plaintiff's

6

testimony and statements, incorporated the limitations she found consistent with the weight of the totality of the medical evidence, and made a residual functional capacity determination that is supported by substantial evidence.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 9th day of October, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.